UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARONDA MILLER,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  Case No. 25-3078<br>) |
| A. ROBERTS, *et al.*,<br>    Defendants. | )<br>)<br>) |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Plaintiff, proceeding *pro se* and currently incarcerated at Logan Correctional Center, files a Complaint under 42 U.S.C. § 1983 alleging violations of her constitutional rights.

**I.   Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1

II.   **Facts**

Plaintiff files suit against Lieutenant A. Roberts, Correctional Officers Fry and Splain, Sergeant Ulery, Unknown Agents (Internal Affairs/Grievance Officers), and Troy Chrans.

Defendant A. Roberts allegedly denied Plaintiff access to the telephone to speak with her attorney as scheduled on March 22, 2023, and used excessive force by striking Plaintiff in the right shoulder with her elbow. Plaintiff, who was undergoing physical therapy after having shoulder surgery, experienced severe pain and discomfort due to the use of force. Plaintiff alleges Defendant Ulery stood by and witnessed the incident but failed to intervene. Plaintiff also claims Defendants Fry and Splain "failed to intervene/protect." (Doc. 1 at p. 5).

Plaintiff alleges Defendants Ulery, Fry, and Splain failed to report the excessive force incident to the proper authorities. Unidentified Internal Affairs agents allegedly claimed there was no camera footage of the incident and failed to conduct an investigation. Plaintiff alleges she filed a grievance, but unidentified Grievance Officers failed to forward her a timely response.

In a vague and conclusory fashion, Plaintiff asserts Defendant Fry "was tasked with the assistance to provide this individual access to scheduled legal call as well, yet failed to provide this individual attorney access." *Id.*

III.   **Analysis**

To allege an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline.

*Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 Fed.Appx. 982, 983-84 (7th Cir. 2017). The Court finds that Plaintiff stated an Eighth Amendment excessive force claim against Defendant Roberts for striking Plaintiff in the shoulder with her elbow on March 22, 2023.

Plaintiff alleges Defendant Ulery was present and witnessed the incident but failed to intervene. The Seventh Circuit has long recognized that officers "'who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so'" may be held liable for the failure to intervene. *Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005) (quoting *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). A failure to intervene claim requires evidence of the following: (i) the defendant knew of the unconstitutional conduct; (ii) the defendant had a realistic opportunity to prevent the harm; (iii) the defendant failed to take reasonable steps to prevent the harm; and (iv) the plaintiff suffered harm as a result. *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). The Court finds that Plaintiff stated a plausible failure-to-intervene claim against Defendant Ulery.

Plaintiff also asserts Defendants Fry and Splain failed to intervene, but it is unclear from her Complaint if Defendants were present, witnessed the alleged use of excessive force, and had a realistic opportunity to intervene. Plaintiff's sparse allegations are insufficient to state a claim against Defendants Fry and Splain.

Plaintiff claims Defendants Ulery, Fry, and Splain did not report the incident to the proper authorities and that unknown Internal Affairs agents did not conduct an investigation. "[A]n allegation of inadequate investigation does not state a violation of a plaintiff's civil rights." *Ford v. Page*, 169 F. Supp. 2d 831, 840-41 (N.D. Ill. 2001) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1142 (7th Cir. 1984); *McDonald v. State of Ill.*, 557 F.2d 596, 599 (7th Cir. 1977). Defendants Fry and Splain are dismissed without prejudice to failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff alleges unidentified Grievance Officers failed to forward a timely response to her grievance, but "the mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez v. Feinerman*, 439 F. App'x 545, 547 (7th Cir. 2011) (citing *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez*, 439 F. App'x at 547-48 (citing *Owens*, 635 F.3d at 953-54). Defendants Unknown Agents (Internal Affairs/Grievance Officers) are dismissed without prejudice to failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff claims that she was denied access to a scheduled telephone call with her attorney. "The right to hire and consult an attorney is protected by the First Amendment's

4

guarantee of freedom of speech, association and petition." *Denius v. Dunlap*, 209 F.3d 944, 953 (7th Cir. 2000) "[T]he state cannot impede an individual's ability to consult with counsel on legal matters." *Denius*, 209 F.3d at 954 (citing *Bates v. State Bar of Ariz.*, 433 U.S. 350, 376 n.32 (1977)). The right of access to the courts "is violated when a prisoner is deprived of such access and suffers actual injury as a result." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). Plaintiff does not allege that she suffered an actual injury due to the denial of the phone call on March 22, 2023. As a result, her allegations are insufficient to state a First Amendment claim.

Finally, Plaintiff named Troy Chrans as a Defendant, but she did not include any allegations against him in her Complaint. Defendant Chrans is dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment excessive force claim against Defendant A. Roberts and a failure-to-intervene claim against Defendant Ulery regarding the alleged incident on March 22, 2023. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.**

2) **Defendants Fry, Splain, Unknown Agents, and Troy Chrans are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE these Defendants.**

3) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

4) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail her discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in her mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) Plaintiff shall be provided a copy of all pertinent medical records upon request.

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:   4/16/2025

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE